**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**(PHILADELPHIA)**

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| **Shahidul Gaffar** | CASE NO.: 21-12804-mdc |
| Debtor | |

**STIPULATION IN SETTLEMENT OF DEBTOR'S MOTION TO VACATE ORDER GRANTING RELIEF**

It is hereby stipulated by and between Hill Wallack, LLP, counsel for Pentex Holdings, LLC ("Pentex"), and Brad J. Sadek, Esquire, counsel for the Debtor, as follows:

1. The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. The Stipulation pertains to the property located at 212 N. Springfield Road, Clifton Heights, PA 19018 (the "Property").

3. The Debtor currently have a post-petition arrearage of **$824.10**, representing the monthly payment due on the First Mortgage for **December 2022** (1 month @ $1,186.37 with $362.27 in suspense).

4. Debtors shall remit in full sums sufficient to satisfy the post-petition mortgage payment described on or before **January 15, 2023** to Pentex.

5. Debtors must remit a payment to the Creditor on or before **January 31, 2023**, in the amount of **$450.00** as reimbursement for the Creditor's attorney fees incurred in relation to the Notice of Default ($200.00) and preparing the within Stipulation ($250.00).

6. Commencing **January 1, 2023** and continuing on the 1st day of each consecutive month the Debtor shall continue to make the regular post-petition mortgage payments to the Creditor in the amount of $1,186.37 (subject to change).

7. All stipulation and regular monthly post-petition payments shall be made by the debtor to the address as outlined below:

Fay Servicing LLC, PO Box 814609 Dallas TX 75381-4609

8. Should the Debtor fail to make the payments when due as set forth within paragraphs four (4), five (5) and/or six (6) of this Order, Pentex shall send the Debtor and debtor's counsel a Notice of Default, outlining amount of arrears and providing debtor with an opportunity to cure default within ten (10) days from the date of issuance of the Notice of Default. Should the Debtor fail to cure default within ten (10) day period, Pentex shall send Debtor and counsel a written Notice of Default of this Stipulation.  If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

9. Upon Debtors' second default from the Terms of this Order, Pentex shall file a Certification of Default with the Court on notice to Debtors and their counsel and the Court shall enter an Order granting relief from the Automatic Stay waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

10. In the event the Debtor converts to a Chapter 7 during the pendency of this bankruptcy case, the Debtor shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current.  Should the Debtor fail to bring the loan contractually current, Movant shall send Debtor and counsel a written Notice of Default of this Stipulation.  If the default is not cured within ten (10) days of the date of the Notice, counsel shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay waiving

FED. R. Bankr. P. 3002.1 and waiving Rule 4001 (a)(3) so that the Relief Order is immediately effective and enforceable.

11. Debtors' tendering of a check to Pentex Holdings, LLC, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation.

12. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

13. The parties agree that a facsimile signature shall be considered an original signature.


/s/Angela C. Pattison
Angela C. Pattison, Esquire
Counsel for Creditor

/s/Brad J. Sadek
Brad J. Sadek, Esquire
Counsel for Debtors

THE TRUSTEE HAS NO OBJECTION TO THE STIPULATION'S TERMS, WITHOUT PREJUDICE TO ANY OF THE TRUSTEE'S RIGHTS AND REMEDIES.

/s/  LeeAne O. Huggins  January 5, 2022
Kenneth E. West
Chapter 13 Trustee